**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-1747**

───────────────

NATHANAEL M. NYAMEKYE,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted: May 20, 2024                        Decided: June 4, 2024

───────────────

Before GREGORY and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Petition dismissed in part, denied in part by unpublished per curiam opinion.

───────────────

Nathanael M. Nyamekye, Petitioner Pro Se.  Jonathan Stephen Needle, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathanael M. Nyamekye, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals (Board) denying his request for a waiver of inadmissibility, determining him to have committed a particularly serious crime that renders him ineligible for asylum and withholding of removal, and denying deferral of removal under the Convention Against Torture (CAT).

Nyamekye first claims that the agency did not adequately consider certain factors in its discretionary denial of his request for a waiver of inadmissibility. However, we lack jurisdiction to consider the Board's discretionary denial of an application for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), including any fact-finding underlying the agency's discretionary analysis. 8 U.S.C. § 1252(a)(2)(B)(i) (courts lacks jurisdiction to review "any judgment regarding the granting of relief under section 1182(h)"); *Patel v. Garland*, 596 U.S. 328, 347 (2022) ("[C]ourts lack jurisdiction to review facts found as part of discretionary relief proceedings" under the provisions enumerated in § 1252(a)(2)(B)(i)); *Jean v. Gonzales*, 435 F.3d 475, 480-81 (4th Cir. 2006) (finding no jurisdiction to review the Board's discretionary denial of a waiver under § 1182(h)). In addition, our jurisdiction is limited to constitutional claims and questions of law because Nyamekye is an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii).[*] *See* 8 U.S.C.

---

[*] Nyamekye challenges his removability as an aggravated felon, a claim he failed to exhaust before the Board. Because the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to consider this argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023).

§ 1252(a)(2)(C), (D).  As no such claims have been raised, we dismiss this portion of the petition for review.

Next, Nyamekye challenges the determination that he was convicted of a particularly serious crime, barring him from the relief of asylum and withholding of removal.  Nyamekye was convicted of an aggravated felony, which is per se a particularly serious crime for purposes of asylum.  *See* 8 U.S.C. § 1158(b)(2)(B)(i).  As for the agency's finding that Nyamekye's crime was particularly serious regarding withholding of removal, we have reviewed the record and uphold agency's determination.  *Gao v. Holder*, 595 F.3d 549, 555-58 (4th Cir. 2010).

Finally, Nyamekye challenges the denial of deferral of removal under the CAT.  To be granted that relief, Nyamekye must demonstrate that it is more likely than not that he will be tortured if he returns to Ghana.  *See* 8 C.F.R. § 208.16(c)(2) (2024).  Because this Court reviews the denial of relief under the CAT for substantial evidence, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Nasrallah v. Bar*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).  Relevant legal determinations are subject to de novo review.  *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).  Upon review, we find that no record evidence compels reversal of the agency's denial of relief.

Accordingly, we dismiss in part and deny in part the petition for review.  *In re Nyamekye* (B.I.A. May 24, 2023).  We deny Nyamekye's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*DENIED IN PART*